4465.000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Derrick House,

                Plaintiff,

v.

Daniel Murray, Zachary Harvey, Brett
Kielbasa, Tom Cybulski, Patrick
Prendergast, and Village of Woodridge,

                Defendants.

**No.:**

Judge
Courtroom:

Magistrate Judge
Courtroom:

## COMPLAINT

NOW COMES the Plaintiff, Derrick House, by and through his attorneys, Ekl, Williams & Provenzale LLC, and complaining of the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, and the Village of Woodridge, upon information and belief, state as follows:

## Introduction

1.    This action is brought pursuant to 42 U.S.C. §1983 seeking damages for redress of violations of the Plaintiff's rights and privileges guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and under state common law for excessive force, false arrest, failure to intervene, assault and intentional infliction of emotional distress, in connection with the warrantless vehicular felony stop and arrest and factual misidentification of the Plaintiff as a shooting suspect, when in fact the only thing Plaintiff was doing was driving while black.

1

## Jurisdiction & Venue

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district.  The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) as the claims arise out of the same nucleus of operative facts.

## Parties

3.     Plaintiff, Derrick House, is a citizen of Illinois at all times relevant hereto, and for over a decade prior to January 2024 has lived and worked in and around the Village of Downers Grove, County of DuPage, State of Illinois.  At all times relevant hereto, Derrick enjoyed all rights and liberties guaranteed by the Constitution of the United States of America and all Amendments thereto and the laws of the State of Illinois.

4.     The Defendant, Daniel Murray, was at all relevant times employed as a police officer for the Village of Woodridge and a sworn peace officer in the State of Illinois, and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted under color of law and is sued in his individual capacity.

5.     The Defendant, Zachary Harvey, was at all relevant times employed as a police officer for the Village of Woodridge and a sworn peace officer in the State of

2

Illinois, and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted under color of law and is sued in his individual capacity.

6.      The Defendant, Brent Kielbasa, was at all relevant times employed as a police officer for the Village of Woodridge and a sworn peace officer in the State of Illinois, and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted under color of law and is sued in his individual capacity.

7.      The Defendant, Tom Cybulski, was at all relevant times employed as a police officer for the Village of Woodridge and a sworn peace officer in the State of Illinois, and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted under color of law and is sued in his individual capacity.

8.      The Defendant, Patrick Pendergast, was at all relevant times employed as a police officer for the Village of Woodridge and a sworn peace officer in the State of Illinois, and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted under color of law and is sued in his individual capacity.

3

9. The Defendant, Village of Woodridge, Illinois, was at all relevant times a duly organized and chartered municipal corporation in the State of Illinois, which owned, operated, managed, maintained and/or controlled a Police Department and employed sworn police officers, including the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, to execute and enforce the laws of the State of Illinois, each and all of whom were acting within the scope of employment as alleged herein.

<u>Facts Common to All Counts of the Complaint</u>

10. On the afternoon of January 19, 2024, the Plaintiff, Derrick House (hereinafter "Derrick"), was driving his silver, 2021 Volkswagen Atlas in the Village of Woodridge, State of Illinois. Derrick was on his way back from Costco and heading home to make dinner with his family. At the time, Derrick had not violated any law, statute or ordinance of any jurisdiction, was not in the process of violating such, and was not about to violate such.

11. As he approached slowing traffic appearing to be due to an accident ahead of him, he noticed an unmarked car approaching him from behind at a high rate of speed. Derrick promptly pulled to the curb lane to allow the vehicle a wide berth because he was unsure of what its purpose was. Instead of driving by Derrick to the crash scene ahead, the vehicle abruptly swerved in front of Derrick's Atlas, pinning the Atlas to the curb-side of the roadway and preventing Derrick from moving further.

12.     Because of the abruptness and aggressiveness of the unmarked vehicle, Derrick didn't even think to put his Atlas in park, because he could not make sense of what and why the driver was doing this.  At this point, Derrick knew that he was not free to leave that location, and he was under arrest and in custody.

13.     Immediately upon pinning Derrick's Atlas to the curb so Derrick could go no further, effecting Derrick's arrest, and in full view of multiple other occupants of vehicles on Woodward Avenue who had stopped in the road due to the accident ahead, the Defendant, Daniel Murray, who was operating the unmarked vehicle, jumped out of his unmarked vehicle in plain clothes wearing a tactical vest, drew his service pistol and standing abreast of the driver's side of Derrick's Atlas and slightly behind Derrick in the driver's seat, pointed his service pistol directly at Derrick's head from only approximately 10 feet away, and began screaming loudly at Derrick confusing and contradictory commands: "Hands up, right now!" and "Put the fucking window down!"

14.     Defendant, Zachary Harvey, pulling up in a separate vehicle from the north at almost the same time, exited his vehicle, immediately drew his service pistol and while also pointing it at Derrick's head from only approximately 15 feet away directly in front of Derrick and the front of the Atlas screamed at Derrick "Put the fucking window down, put the window down, put the window down, put the fucking window down, put the window down, put both of your hands out the window right now" as he approached and stood at the front of  Derrick's Atlas.

5

15.     While screaming these commands at Derrick, pointing their weapons at Derrick, and while Derrick was utterly confused, in shock, and trying to explain he had to put his vehicle in park to comply with their commands, Defendant, Daniel Murray, shouted at Derrick "We are going to end you," and Defendant Zachary Harvey shouted at Derrick "I will shoot you in the fucking head."

16.     All of the above events are indisputable, as Mr. Harvey's police-issued body-worn camera captured the events, and may be viewed here:

https://players.brightcove.net/981571817/default_default/index.html?videoId=6367193890112.

17.     Multiple other Woodridge police officers, including but not limited to the Defendants, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, also converged and surrounded Derrick's Atlas while Derrick was suffering through this onslaught of threats, pointing their unholstered weapons at Derrick or in his direction ready to fire.

18.     Despite the extraordinary mental distress, confusion and terrifying dread pounding through Derrick's mind that he was about to be shot and killed by the police for no reason, Derrick obeyed the contradictory and threatening commands of the police hoping that none of them would make any more mistakes of judgment or misconstrue any move or action he took trying to comply.

19.     In what seemed like an eternal and excruciating nightmare to Derrick, he slowly, slowly moved to exit his Atlas while his hands were in the air, fearing he was about to be shot.  Complying with the command to turn around and face away

6

from the officers, Derrick had the thought he was about to be shot in the back, not knowing who would be his executioner.  Instead, he was placed in custody, handcuffed by the Defendant, Daniel Murray and the Defendant, Zachary Harvey, searched of his pockets and his person by both, and placed into the back of a squad car by the Defendant, Zachary Harvey.

20.     Within 50 seconds of being cuffed and put in the back of Defendant's, Zachary Harvey, squad car, Derrick was released from custody when Defendant, Daniel Murray, told Derrick, "I'm taking you out of handcuffs, and I'm letting you go."

21.     Derrick was dumbfounded, and beyond confused and upset.  Seeing the distress and delirium in Derrick's face, and no doubt anticipating an emotional response from Derrick, the Defendant, Daniel Murray, tried to keep Derrick calm by lying to him, instead of telling him the true depth of Defendant's unconstitutional actions.

22.     "Oswego PD had a shooting, the car plates, the car's the same as yours, plates match with, the plates match, two of 'em are off."  None of these excuses were true then or now; in fact, other than being a black male driving a Volkswagen with a license plate starting with CN, nothing about Derrick or his vehicle matched the suspects in any Oswego PD investigation of a shooting.

23.     The truth, not surprisingly, of the magnitude of conscious and deliberate disregard the Defendants had for Derrick's existence on that afternoon, differentiating him from suspects in a shooting in Oswego ,was so stark *at the time*

that it only took approximately 78 seconds after Derrick was placed in handcuffs for all officers involved, including the Defendant, Daniel Murray, to know Derrick had nothing to do with any Oswego shooting, and that they blatantly and unreasonably violated Derrick's rights. Again, these facts are undisputable, as they are captured on Brett Kielbasa's body-worn camera, and may be viewed here, specifically at 1:15, when Derrick is handcuffed, to 2:33, when Daniel Murray says "Fuck!":

https://players.brightcove.net/981571817/default_default/index.html?videoId=63671 94094112.

24. The bad police work here was not a reasonable, much less understandable mistake; it was colossally indifferent to Derrick's rights.

25. Specifically, the Defendants actually knew that the suspect vehicle was a Volkswagen Tiguan; Derrick was driving a Volkswagen Atlas.

26. The Defendants actually knew that the suspect Tiguan was black; Derrick's Atlas was light grey / silver.

27. The Defendants actually knew that there were two suspects in the Oswego shooting in a black Tiguan, a black / African-American male and a black / African-American female; Derrick was alone in his car.

28. Most strikingly, the Defendants *actually knew the complete license plate number for the suspect vehicle* – CN 79384; Derrick's Illinois Registration plate number was CN 49263, and such was clearly displayed on Derrick's vehicle in full view of the Defendant, Daniel Murray, before and at the time that he engaged

8

the above unconstitutional and unlawful actions. Simply, the license plate numbers are not even close.

29. Moreover, it was actually known by each of the Defendants, and generally known by all law enforcement officers across the State of Illinois, including others in the Woodridge Police Department, that Illinois Vehicle Registration plates have been issued in batches with the batch identifiers being common letters designating time periods for the batch issuance of the plates, meaning that it was actually and widely known among law enforcement officers at the time that matching the first two letters of a license plate to evaluate a suspect vehicle match is inadequate to rule a match in or out, and that the numbers themselves had to be compared if known.

30. In fact, according to Illinois Secretary of State publicly available data as of January 19, 2024, just limiting criteria for a plate starting with the letters "CN", on an SUV type Volkswagen grey or silver in color (like Derrick's Atlas), there were: 84 Tiguan; 60 Atlas; 5 Touareg; 5 Taos; 14 Golf; and 1 ID.4.

31. Despite all of the above, the Defendant, Daniel Murray, actually believed that constitutional police work, and justification for using the threat of deadly force, was met when he stopped reading Derrick's plate after "CN," such that he was deliberately indifferent to even comparing the actual plate numbers plainly visible in Derrick's license plate to the suspect vehicle, before unconstitutionally and illegally abusing the powers and authority of his office as described herein.

32. Again, this fact too is undisputed, as his contemporaneous explanation for stopping Derrick, when confronted by Defendant Kielbasa that they had the wrong car, was "No it's not, CN!", plainly revealed in Defendant Kielbasa's body cam, linked in ¶23, above, at 2:18 to 2:28.

33. Upon information and belief, the above unconstitutional and illegal conduct of the Defendants let the real offenders escape detection and, upon information and belief, they remained free for approximately 5 more hours that day, exposing the lives and safety of the community to harm, until they were apprehended together later that evening.

34. Though Derrick was physically released from custody that day, he has been in a psychological and emotional prison since. Daily, he is beset with thoughts of what happened to him, he has nightmares, he has become emotionally volatile, and that volatility has affected his family and social life, and these injuries and damages are certain to continue for the rest of Derrick's life, because he will never be free of seeing police out in the world, and will never be free of the dread and terror he experienced.

## COUNT I
### §1983 – FOURTH AMENDMENT – FALSE ARREST
INDIVIDUAL DEFENDANTS / INDIVIDUAL AND CONSPIRACY LIABILITY

35. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, above, as if fully set forth herein.

36. At all times relevant herein, the Plaintiff enjoyed all rights and privileges of a citizen of the United States, including the right to be free from

unreasonable searches and seizures, including freedom from detention and/or arrest without probable cause, pursuant to the rights and guarantees set forth in the Fourth Amendment to the United States Constitution.

37.     On January 19, 2024, the Defendants, as described hereinabove, individuals and in concert with each other, placed the Plaintiff, Derrick House, in custody and under arrest without probable cause that he had committed, was committing or was about to commit a violation of any law of any jurisdiction, as otherwise described and set forth herein above, and otherwise arrested the Plaintiff in the absence of any legal authority or justification by way of fact, law or judicial authority.

38.     On January 19, 2024, the Defendants, individually and in concert, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to unlawfully detain and arrest the Plaintiff, Derrick House, despite the absence of any objective, lawful justification in fact, law or by judicial authority to do so.

39.     In furtherance of said agreement, the Defendants, or other individuals acting at the direction of and/or with the actual knowledge of the Defendants, physically threatened the Plaintiff, Derrick House, at gun point, handcuffed him, and detained him in the back of a squad car and began driving him away from the scene.

40.     Defendants acts individually and/or in concert with each other, or those of other individuals acting at the direction of and/or with the actual

11

knowledge of the Defendants, as described hereinabove violated the rights of the Plaintiff, Derrick House, to be free from unreasonable seizure as provided in the Fourth Amendment to the United States Constitution, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish and emotional distress.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, jointly and severally, for compensatory and punitive damages in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus fees and costs of this suit and prejudgment interest pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. §1988.

**COUNT II**
**§1983 – FOURTH AMENDMENT – EXCESSIVE FORCE**
INDIVIDUAL DEFENDANTS / INDIVIDUAL AND CONSPIRACY LIABILITY

41.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, above, as if fully set forth herein.

42.     At all times relevant herein, the Plaintiff enjoyed all rights and privileges of a citizen of the United States, including the right to be free from unreasonable searches and seizures, including freedom from the use of excessive and unreasonable force, pursuant to the rights and guarantees set forth in the Fourth Amendment to the United States Constitution.

43.     On January 19, 2024, the Defendants, acting individually and/or in concert with each other as described hereinabove, used force which was not

12

objectively reasonable under the circumstances, as otherwise described and set forth hereinabove, and otherwise wholly unjustified under law, in that no objective reasonable suspicion existed that Plaintiff, Derrick House, was a suspect in any forcible felony, and otherwise no objective reasonable suspicion or probable cause existed that the Plaintiff, Derrick House, had committed, was committing, or was about to commit any violation of any law, statute or ordinance of any jurisdiction to justify the use or threat of deadly force, much less any force, whether for felony or otherwise under Illinois law.

44.     On and/or prior to January 19, 2024, the Defendants, acting individually and/or in concert with each other, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to use and/or threaten the use of unlawful excessive and unreasonable deadly force despite the absence of any objective lawful justification in fact, law or by judicial authority to do so.

45.     In furtherance of said agreement, the Defendants, acting individually and/or in concert with each other as described hereinabove, pointed loaded service pistols at the Plaintiff's head or in his direction while screaming "We are going to end you" and "I will shoot you in the fucking head" while wearing military style tactical gear and surrounding Plaintiff.

46.     Defendants' acts individually and/or in concert with each other, as described hereinabove, violated the rights of the Plaintiff, Derrick House, to be free from unreasonable search and seizure as provided in the Fourth Amendment to the

13

United States Constitution, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish and emotional distress.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, jointly and severally, for compensatory and punitive damages in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus fees and costs of this suit and prejudgment interest pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. §1988.

### COUNT III
### §1983 – FAILURE TO INTERVENE – FOURTH AMENDMENT
INDIVIDUAL LIABILITY

47.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, above, as if fully set forth herein.

48.    At all relevant times, the Plaintiff, Derrick House, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable search and seizure, and to be free from arbitrary and/or deliberately indifferent intrusions of his bodily health and integrity, including the use of excessive force against him.

49.    When the Defendants, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, arrived upon the scene of the Defendant, Daniel Murray, pinning the Plaintiff's vehicle and pointing his service pistol at the Plaintiff's, Derrick House, head while Plaintiff was seated in the vehicle, each of these

14

Defendants actually knew, and a reasonable officer under similar circumstances would have known, that the Plaintiff's vehicle did not match the model, color and license plate known by each of them about the suspect vehicle reportedly containing occupants involved in a Oswego shooting.

50.     During the events described above that occurred, the Defendants, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, stood by and failed to intervene to prevent the unconstitutional detention and/or arrest and physical violence to which the Plaintiff was being subjected at the hands of the Defendant, Daniel Murray.  At all times relevant hereto, the Defendants, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, were acting under color of law and within the scope of their employment.

51.     As a proximate result of the failure of the Defendants, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, to intervene on behalf of the Plaintiff to prevent the false arrest and use of excessive force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered, and continues to suffer, severe personal and pecuniary injuries and damages.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, jointly and severally, for compensatory and punitive damages in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus fees and costs of this suit and prejudgment interest pursuant to Federal Rule of Civil Procedure 54 and 42 U.S.C. §1988.

<u>COUNT IV</u>
ILLINOIS COMMON LAW ASSAULT
INDIVIDUAL AND CONSPIRACY LIABILTY – *RESPONDEAT SUPERIOR*

52.　　Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 34, above, as if fully set forth herein.

53.　　At all times relevant herein, the Plaintiff, Derrick House, enjoyed the right under Illinois common law to be free from reasonable apprehension of receiving a battery.

54.　　On and/or prior to January 19, 2024, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, accomplished an unlawful result through individual and/or concerted action, in that they agreed among themselves, through explicit or implicit means, to use unlawful excessive and unreasonable force during a traffic stop of the Plaintiff, Derrick House, despite the absence of any lawful justification or authority in fact, law or by judicial authority to use such force.

55.　　In furtherance of said agreement, the Defendants, individually and collectively, unholstered his service pistol and pointed it at the head or at the person of the Plaintiff, Derrick House, while standing immediately next to him or within a short distance while shouting conflicting commands and while otherwise verbalizing explicit threats to use deadly force, stating "We are going to end you" and "I will shoot you in the fucking head," while wearing military style tactical gear and surrounding Plaintiff, placing the Plaintiff, Derrick House, in reasonable apprehension of receiving an imminent battery.

16

56.     Defendants acts individually and/or in concert with each other as described hereinabove has caused the Plaintiff, Derrick House, to suffer, and will in the future continue to suffer, severe damages including mental anguish and emotional distress.

57.     At all times relevant hereto, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, were each acting within the scope of their employment with and otherwise as duly authorized agents and/or employees of the Defendant, Village of Woodridge, Illinois.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, and Village of Woodridge, jointly and severally, for compensatory damages, and against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, for punitive damages, in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus costs of this suit pursuant to Federal Rule of Civil Procedure 54, and prejudgment interest pursuant to 735 ILCS 5/2-1303(c).

<u>**COUNT V**</u>
**ILLINOIS COMMON LAW IIED**
INDIVIDUAL AND CONSPIRACY LIABILITY / *RESPONDEAT SUPERIOR*

58.     Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 34, above, as if fully set forth herein.

17

59.     At all times relevant herein, the Plaintiff, Derrick House, enjoyed the right under Illinois common law to be free from severe emotional distress as the proximate result of the extreme and outrageous intentional conduct of others.

60.     On and/or prior to January 19, 2024, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, accomplished an unlawful result through individual and/or concerted action, in that they agreed among themselves, through explicit or implicit means, to engage in extreme and outrageous conduct in the execution or enforcement of law, being a traffic stop, such agreement being to individually and/or collectively use or threaten the use of unlawful, excessive and unreasonable deadly force.

61.     In furtherance of said agreement, the Defendants individually and /or in concerted action, detained Plaintiff's vehicle by pinning it to the curb so Plaintiff could not drive further, surrounded the Plaintiff's vehicle while standing immediately near to Plaintiff or within a short distance of where he was sitting in the driver's seat of the vehicle, while shouting conflicting commands to not move, but to show both of his hands outside his window, but to roll down his window, and while otherwise verbalizing explicit threats to use deadly force, stating "We are going to end you" and "I will shoot you in the fucking head," while wearing military style tactical gear, and thereafter handcuffed and arrested Plaintiff and placed him into a squad car without any explanation or verbalization of the reason for their actions.

18

62.    All of the above conduct, individually and/or in totality of some or all, was without any objective, reasonable and lawful justification or authority in fact or law, and constitutes extreme and outrageous conduct intended to cause severe emotional distress, or which the Defendants individually and/or in concert knew created a high probability would cause extreme emotional distress.

63.    Defendants acts individually and/or in concert with other as-yet unidentified co-conspirators as described above has caused the Plaintiff, Derrick House, to suffer, and will in the future continue to suffer, severe damages including severe mental anguish and severe emotional distress.

64.    At all times relevant hereto, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, were each acting within the scope of their employment with and otherwise as duly authorized agents and/or employees of the Defendant, Village of Woodridge, Illinois.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, and Village of Woodridge, jointly and severally, for compensatory damages, and against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, for punitive damages, in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus costs of this suit pursuant to Federal Rule of Civil Procedure 54, and prejudgment interest pursuant to 735 ILCS 5/2-1303(c).

### COUNT VI
### ILLINOIS COMMON LAW FALSE IMPRISONMENT
INDIVIDUAL AND CONSPIRACY LIABILITY / *RESPONDEAT SUPERIOR*

65.     Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 34, above, as if fully set forth herein.

66.     At all times relevant herein, the Plaintiff, Derrick House, enjoyed the right under Illinois common law to be free from any unreasonable restraint of his liberty and/or freedom of movement.

67.     On and/or prior to January 19, 2024, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, accomplished an unlawful result through individual and/or concerted action, in that they agreed among themselves and/or with other as-yet unidentified co-conspirators, through explicit or implicit means, to engage in unlawful conduct in the execution or enforcement of law, to unlawfully restrain and arrest the Plaintiff, Derrick House, despite the absence of any objective lawful justification in fact, law or by judicial authority to do so, during the execution or enforcement of law.

68.     In furtherance of said agreement, the Defendants individually and/or through concerted conduct, with the intent to restrain Plaintiff, detained Plaintiff's vehicle by pinning it to the curb so Plaintiff could not drive further, surrounded the Plaintiff's vehicle while standing immediately near to Plaintiff or within a short distance of where he was sitting in the driver's seat of the vehicle, while shouting conflicting commands to not move, but to show both of his hands outside his window, but to roll down his window, and while otherwise verbalizing explicit

threats to use deadly force, stating "We are going to end you" and "I will shoot you in the fucking head," while wearing military style tactical gear, and thereafter handcuffed and arrested Plaintiff and placed him into a squad car without any explanation or verbalization of the reason for their actions.

69.     Defendants acts individually and/or in concert with each other as described hereinabove violated the rights of the Plaintiff, Derrick House, to be free from unreasonable restraint of his liberty and/or freedom of movement, and has caused him to suffer, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish and emotional distress.

70.     At all times relevant hereto, the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, were acting within the scope of their employment with and otherwise as duly authorized agents and/or employees of the Defendant, Village of Woodridge, Illinois.

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, Patrick Pendergast, and Village of Woodridge, jointly and severally, for compensatory damages, and against the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, for punitive damages, in a sum in excess of Five Hundred-Thousand Dollars ($500,000.00), plus costs of this suit pursuant to Federal Rule of Civil Procedure 54, and prejudgment interest pursuant to 735 ILCS 5/2-1303(c).

## COUNT VII
## MUNICIPAL INDEMNITY – WOODRIDGE

71.     Plaintiff incorporates by reference the allegations stated in paragraphs 1 through 70, above, as if fully set forth herein.

72.     At all relevant times, Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, were acting on behalf of and/or within the scope of their employment with the Defendant, Village of Woodridge.

73.     As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

74.     Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable, including, where applicable, statutory attorneys' fees and costs.  745 ILCS 10/9-101 (West 2014).

WHEREFORE, the Plaintiff, Derrick House, demands judgment against the Defendant, Village of Woodridge, as Indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Daniel Murray, Zachary Harvey, Brett Kielbasa, Tom Cybulski, and Patrick Pendergast, as such amounts may be adjudged or determined, and that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

22

*Plaintiff demands trial by jury on all issues so triable.*

Respectfully submitted by,

s/ *Patrick L. Provenzale*

Ekl, Williams & Provenzale LLC
*Attorneys for Plaintiff*

Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
[ **#6225879** ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-9975
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com